Case 2:13-cv-01810-SJO-RZ Document 9 Filed 04/16/13 Page 1 of 2 Page ID #:89

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

===============================================================================

**CASE NO.:** CV 13-01810 SJO (RZx)  **DATE:** April 16, 2013

**TITLE:** The Bank of New York Mellon v. Christine Franz, et al.

===============================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**       **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                         Not Present

===============================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO SAN DIEGO SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Elizabeth Franz's[1] ("Defendant") Notice of Removal of Action ("Notice"), filed March 13, 2013. For the following reasons, the Court **REMANDS** this action to the San Diego County Superior Court.

I.    BACKGROUND

On November 21, 2011, Defendant was served with a complaint for unlawful detainer, filed by the Bank of New York Mellon ("Plaintiff") in San Diego County Superior Court. (*See generally* Notice Ex. 1 ("Complaint").) Plaintiff purchased the property located at 694 North Cleveland Street, Oceanside, California, 92054 ("Property") at a trustee sale in accordance with California Civil Code section 2924 *et seq*. (Compl. ¶ 1,6.) The Complaint alleges that Defendant is unlawfully possessing the Property after being served with a Notice to Quit pursuant to California Code of Civil Procedure section 1161(a) on August 19, 2011. (Compl. ¶¶ 8-11.) Proceeding *pro se*, Defendant removed the action to this Court on March 11, 2013, pursuant to 28 U.S.C. §§ 1332, 1441, and 1343. (*See generally* Notice.)

II.   DISCUSSION

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of

---

[1] Although the Complaint names "Christine Franz" as the Defendant and previous owner of the Property, "Elizabeth Franz" is the only Defendant to appear in the federal action.

MINUTES FORM 11                                                          __:__
CIVIL GEN                        Page 1 of 2                  Initials of Preparer    vpc

CASE NO.: CV 13-01810 SJO (RZx)   DATE: April 16, 2013

the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether subject matter jurisdiction exists here.

The notice of removal of a civil action must be filed within thirty days after the defendant receives, through service or otherwise, a copy of the complaint. 28 U.S.C. § 1446(b)(1). Additionally, a case may not be removed under § 1332 on the basis of diversity jurisdiction more than one year after the action is filed. 28 U.S.C. § 1446(c)(1). Here, Defendant states in the Notice that she was served with the Complaint "on or about November 21, 2011." (Notice 3.) The Notice was filed in this Court on March 13, 2013, more than one year after receiving service of the Complaint. (*See generally* Notice.) Defendant's Notice is therefore untimely under § 1446(b).

Defendant also alleges that this Court has original jurisdiction under 28 U.S.C. § 1343. (Notice of Removal 2.) For this Court to have jurisdiction under 28 U.S.C. § 1343, the Complaint must state a claim under 42 U.S.C. § 1985 or "any Act of Congress providing for equal rights of citizens" or "the protection of civil rights." *See* 28 U.S.C. § 1343(a)(1)-(4); *see also Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1518 (9th Cir. 1987) ("[T]here is no jurisdiction under 28 U.S.C. § 1343(a)(1) or (2) because [plaintiff]'s complaint does not state a claim under 42 U.S.C. § 1985(3)."). Here, Plaintiff's only claim is unlawful detainer, and the Complaint does not allege any violation of 42 U.S.C. § 1985 or another Act of Congress. Defendant has therefore failed to establish original jurisdiction under § 1343.

III.  RULING

For the foregoing reasons, the Court **REMANDS** this action to the San Diego County Superior Court. This action shall close.

The Court deems Plaintiff's Motion to Remand [5] Moot and taken off calendar.

IT IS SO ORDERED.

```
cc: order, docket, remand letter to Superior Court
    County of San Diego, North County Regional Center,
     Vista, CA, No  37-2011-60040355-CL-UD-NC
```